**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| 3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY,   ) ) ) | CIVIL ACTION NO. _____ |
| Plaintiffs,   ) ) | |
| v.   ) ) | **JURY TRIAL DEMANDED** |
| AVERY DENNISON CORPORATION,   ) ) ) | |
| Defendant.   ) | |

**COMPLAINT**

3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY (collectively, "3M" or "Plaintiffs"), plaintiffs in the above-captioned matter, make and file this Complaint against defendant AVERY DENNISON CORPORATION ("Avery" or "Defendant").  In support of this Complaint, 3M respectfully shows the Court as follows:

**NATURE AND BASIS OF ACTION**

1.      3M is the worldwide leader in retroreflective sheeting technology.  This technology is used in a variety of applications, including on road signs that enhance motorist and passenger safety around the world.  3M has invested substantial resources creating a new generation of reflective sheeting using full corner cube geometry, sold as 3M's Diamond Grade DG³™ product.  3M's Diamond Grade DG³™ product is used around the world to improve roadway safety.  As the innovator in this field, 3M has obtained numerous patents directed to retroreflective sheeting technology, including full corner cube elements such as those used in 3M's Diamond Grade DG³™ product.  Avery, 3M's direct competitor in the retroreflective sheeting market, is introducing to the market a retroreflective sheeting product including full

corner cube elements that infringes thirteen 3M patents.  3M seeks to stop Avery from sales of its infringing retroreflective sheeting product and to recover damages suffered from Avery's infringement.  Avery's infringing actions will irreparably harm 3M, which has invested substantial resources developing full corner cube retroreflective sheeting and obtaining the protections afforded by the U.S. patent laws.  Accordingly, 3M seeks preliminary and permanent injunctive relief and damages, as well as the other relief set forth herein, for Avery's violation of 3M's valuable intellectual property rights.

2.      This is an action in which 3M asserts against Avery claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.  3M seeks monetary damages as well as preliminary and permanent injunctive relief against Avery.

3.      3M also seeks a declaratory judgment of non-infringement and invalidity of United States Reissue Patent Nos. 40,700 and 40,455, which are owned by Avery.

## THE PARTIES

4.      3M Company is a Delaware corporation with its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427.

5.      3M Innovative Properties Company is a wholly-owned subsidiary of 3M Company with its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427.

6.      On information and belief, Avery is a Delaware corporation doing business in Minnesota and having its principal place of business at 150 North Orange Grove Boulevard, Pasadena, California 91103.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8.      Venue in this Court is proper under 28 U.S.C. §§ 1391 and 1400.

9.      This Court has personal jurisdiction over Avery because Avery's contacts with the State of Minnesota are significant and pervasive. The State of Minnesota is a large and important market for the sale of Avery's products. Avery has sales representatives, dealers, and distributors located in the State of Minnesota that market, promote, and sell Avery's products. Avery has conducted business continuously and systematically in the State of Minnesota and in this judicial district for many years and continues to conduct that business actively today.

## PLAINTIFFS' PATENTS-IN-SUIT

### U.S. Patent No. 5,706,132

10.     On January 6, 1998, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued United States Patent No. 5,706,132 ("the '132 Patent"), entitled "Dual Orientation Retroreflective Sheeting" to inventors Susan K. Nestegard, Gerald M. Benson, Cheryl Frey, John C. Kelliher, James E. Lasch, Kenneth L. Smith, and Theodore J. Szczech. A true and correct copy of the '132 Patent is attached hereto as Exhibit A.

11.     The '132 Patent is currently in full force and effect.

12.     All right, title, and interest in and to the '132 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '132 Patent.

13.     3M Company is the exclusive licensee of the '132 Patent.

14.     The '132 Patent contains forty-five claims generally directed to retroreflective sheeting.

15.     In accordance with 35 U.S.C. § 282, the '132 Patent, and each and every claim thereof, is presumed valid.

**U.S. Patent No. 5,936,770**

16.     On August 10, 1999, the USPTO duly and lawfully issued United States Patent No. 5,936,770 ("the '770 Patent"), entitled "Dual Orientation Retroreflective Sheeting" to inventors Susan K. Nestegard, Gerald M. Benson, Cheryl M. Frey, John C. Kelliher, James E. Lasch, Kenneth L. Smith, and Theodore J. Szczech.  A true and correct copy of the '770 Patent is attached hereto as Exhibit B.

17.     The '770 Patent is currently in full force and effect.

18.     All right, title, and interest in and to the '770 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '770 Patent.

19.     3M Company is the exclusive licensee of the '770 Patent.

20.     The '770 Patent contains forty-eight claims generally directed to retroreflective sheeting.

21.     In accordance with 35 U.S.C. § 282, the '770 Patent, and each and every claim thereof, is presumed valid.

**U.S. Patent No. 6,884,371**

22.     On April 26, 2005, the USPTO duly and lawfully issued United States Patent No. 6,884,371 ("the '371 Patent"), entitled "Method Of Making Retroreflective Sheeting And Articles" to inventor Kenneth L. Smith.  A true and correct copy of the '371 Patent is attached hereto as Exhibit C.

23.     The '371 Patent is currently in full force and effect.

24.     All right, title, and interest in and to the '371 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '371 Patent.

25.     3M Company is the exclusive licensee of the '371 Patent.

26.     The '371 Patent contains sixteen claims generally directed to methods of making retroreflective sheeting.

27.     In accordance with 35 U.S.C. § 282, the '371 Patent, and each and every claim thereof, is presumed valid.

## U.S. Patent No. 7,188,960

28.     On March 13, 2007, the USPTO duly and lawfully issued United States Patent No. 7,188,960 ("the '960 Patent"), entitled "Retroreflective Sheeting Having High Retroreflectance At Low Observation Angles" to inventor Kenneth L. Smith.  A true and correct copy of the '960 Patent is attached hereto as Exhibit D.

29.     The '960 Patent is currently in full force and effect.

30.     All right, title, and interest in and to the '960 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '960 Patent.

31.     3M Company is the exclusive licensee of the '960 Patent.

32.     The '960 Patent contains seventeen claims generally directed to retroreflective sheeting.

33.     In accordance with 35 U.S.C. § 282, the '960 Patent, and each and every claim thereof, is presumed valid.

## U.S. Patent No. 7,261,426

34.     On August 28, 2007, the USPTO duly and lawfully issued United States Patent No. 7,261,426 ("the '426 Patent"), entitled "Lamina Comprising Cube Corner Elements And Retroreflective Sheeting" to inventor Kenneth L. Smith.  A true and correct copy of the '426 Patent is attached hereto as Exhibit E.

35.     The '426 Patent is currently in full force and effect.

36.     All right, title, and interest in and to the '426 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '426 Patent.

37.     3M Company is the exclusive licensee of the '426 Patent.

38.     The '426 Patent contains fourteen claims generally directed to articles comprising preferred geometry cube corner elements.

39.     In accordance with 35 U.S.C. § 282, the '426 Patent, and each and every claim thereof, is presumed valid.

### U.S. Patent No. 7,329,012

40.     On February 12, 2008, the USPTO duly and lawfully issued United States Patent No. 7,329,012 ("the '012 Patent"), entitled "Lamina Comprising Cube Corner Elements And Retroreflective Sheeting" to inventor Kenneth L. Smith.  A true and correct copy of the '012 Patent is attached hereto as Exhibit F.

41.     The '012 Patent is currently in full force and effect.

42.     All right, title, and interest in and to the '012 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '012 Patent.

43.     3M Company is the exclusive licensee of the '012 Patent.

44.     The '012 Patent contains nine claims generally directed to retroreflective sheeting.

45.     In accordance with 35 U.S.C. § 282, the '012 Patent, and each and every claim thereof, is presumed valid.

### U.S. Patent No. 7,458,694

46.     On December 2, 2008, the USPTO duly and lawfully issued United States Patent No. 7,458,694 ("the '694 Patent"), entitled "Method Of Making Retroreflective Sheeting And

Articles" to inventor Kenneth L. Smith.  A true and correct copy of the '694 Patent is attached hereto as Exhibit G.

47.    The '694 Patent is currently in full force and effect.

48.    All right, title, and interest in and to the '694 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '694 Patent.

49.    3M Company is the exclusive licensee of the '694 Patent.

50.    The '694 Patent contains sixteen claims generally directed to methods of making retroreflective sheeting.

51.    In accordance with 35 U.S.C. § 282, the '694 Patent, and each and every claim thereof, is presumed valid.

**U.S. Patent No. 7,556,386**

52.    On July 7, 2009, the USPTO duly and lawfully issued United States Patent No. 7,556,386 ("the '386 Patent"), entitled "Lamina Comprising Cube Corner Elements And Retroreflective Sheeting" to inventor Kenneth L. Smith.  A true and correct copy of the '386 Patent is attached hereto as Exhibit H.

53.    The '386 Patent is currently in full force and effect.

54.    All right, title, and interest in and to the '386 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '386 Patent.

55.    3M Company is the exclusive licensee of the '386 Patent.

56.    The '386 Patent contains twenty-nine claims generally directed to retroreflective sheeting.

57.    In accordance with 35 U.S.C. § 282, the '386 Patent, and each and every claim thereof, is presumed valid.

### U.S. Patent No. 6,318,987

58.     On November 20, 2001, the USPTO duly and lawfully issued United States Patent No. 6,318,987 ("the '987 Patent"), entitled "Cube Corner Sheeting Mold And Method Of Making The Same" to inventors Dan E. Luttrell, Robert L. Erwin, Kenneth L. Smith, and Gerald M. Benson. A true and correct copy of the '987 Patent is attached hereto as Exhibit I.

59.     The '987 Patent is currently in full force and effect.

60.     All right, title, and interest in and to the '987 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '987 Patent.

61.     3M Company is the exclusive licensee of the '987 Patent.

62.     The '987 Patent contains sixty-four claims generally directed to laminae suitable for use in a mold for use in forming retroreflective cube corner articles, molds comprising such laminae, cube corner articles formed as a replica of such molds, and/or methods of manufacturing laminae.

63.     In accordance with 35 U.S.C. § 282, the '987 Patent, and each and every claim thereof, is presumed valid.

### U.S. Patent No. 6,257,860

64.     On July 10, 2001, the USPTO duly and lawfully issued United States Patent No. 6,257,860 ("the '860 Patent"), entitled "Cube Corner Sheeting Mold And Method Of Making The Same" to inventors Dan E. Luttrell, Robert L. Erwin, Kenneth L. Smith, and Gerald M. Benson. A true and correct copy of the '860 Patent is attached hereto as Exhibit J.

65.     The '860 Patent is currently in full force and effect.

66.     All right, title, and interest in and to the '860 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '860 Patent.

67.     3M Company is the exclusive licensee of the '860 Patent.

68.     The '860 Patent contains twenty-seven claims generally directed to laminae suitable for use in a mold for use in forming retroreflective cube corner articles, molds comprising such laminae, and/or methods of manufacturing such laminae.

69.     In accordance with 35 U.S.C. § 282, the '860 Patent, and each and every claim thereof, is presumed valid.

**U.S. Patent No. 6,386,855**

70.     On May 14, 2002, the USPTO duly and lawfully issued United States Patent No. 6,386,855 ("the '855 Patent"), entitled "Cube Corner Sheeting Mold And Of Making The Same" to inventors Dan E. Luttrell, Robert L. Erwin, Kenneth L. Smith, and Gerald M. Benson.  A true and correct copy of the '855 Patent is attached hereto as Exhibit K.

71.     The '855 Patent is currently in full force and effect.

72.     All right, title, and interest in and to the '855 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '855 Patent.

73.     3M Company is the exclusive licensee of the '855 Patent.

74.     The '855 Patent contains twelve claims generally directed to laminae suitable for use in a mold for use in forming retroreflective cube corner articles, molds comprising such laminae, cube corner articles formed as a replica of such molds, and/or methods of manufacturing laminae.

75.     In accordance with 35 U.S.C. § 282, the '855 Patent, and each and every claim thereof, is presumed valid.

**U.S. Patent No. 7,309,135**

76.      On December 18, 2007, the USPTO duly and lawfully issued United States Patent No. 7,309,135 ("the '135 Patent"), entitled "Method Of Making Retroreflective Sheeting And Articles" to inventor Kenneth L. Smith.  A true and correct copy of the '135 Patent is attached hereto as Exhibit L.

77.      The '135 Patent is currently in full force and effect.

78.      All right, title, and interest in and to the '135 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '135 Patent.

79.      3M Company is the exclusive licensee of the '135 Patent.

80.      The '135 Patent contains nine claims generally directed to retroreflective sheeting.

81.      In accordance with 35 U.S.C. § 282, the '135 Patent, and each and every claim thereof, is presumed valid.

**U.S. Patent No. 7,152,983**

82.      On December 26, 2006, the USPTO duly and lawfully issued United States Patent No. 7,152,983 ("the '983 Patent"), entitled "Lamina Comprising Cube Corner Elements And Retroreflective Sheeting" to inventor Kenneth L. Smith.  A true and correct copy of the '983 Patent is attached hereto as Exhibit M.

83.      The '983 Patent is currently in full force and effect.

84.      All right, title, and interest in and to the '983 Patent have been assigned to 3M Innovative Properties Company, which is the sole owner of the '983 Patent.

85.      3M Company is the exclusive licensee of the '983 Patent.

86.     The '983 Patent contains twenty-eight claims generally directed to laminae comprising cube corner elements, master tools comprising such laminae, replicas of such tools, and/or retroreflective sheeting.

87.     In accordance with 35 U.S.C. § 282, the '983 Patent, and each and every claim thereof, is presumed valid.

## DEFENDANT'S INFRINGING ACTIVITIES

88.     Avery makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the OmniCube T-11500 Prismatic Reflective Film, that embody the invention claimed in the '132 Patent.

89.     Avery makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the OmniCube T-11500 Prismatic Reflective Film, that embody the invention claimed in the '770 Patent.

90.     Avery makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the OmniCube T-11500 Prismatic Reflective Film, that, on information and belief, were made using the invention claimed in the '371 Patent.

91.     Avery makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the OmniCube T-11500 Prismatic Reflective Film, that embody the invention claimed in the '960 Patent.

92.     Avery makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the OmniCube T-11500 Prismatic Reflective Film, that embody the invention claimed in the '426 Patent.

93.     Avery makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the OmniCube T-11500 Prismatic Reflective Film, that embody the invention claimed in the '012 Patent.

94.     Avery makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the OmniCube T-11500 Prismatic Reflective Film, that, on information and belief, were made using the invention claimed in the '694 Patent.

95.     Avery makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the OmniCube T-11500 Prismatic Reflective Film, that embody the invention claimed in the '386 Patent.

96.     Avery makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the OmniCube T-11500 Prismatic Reflective Film, that, on information and belief, were made using the invention claimed in the '987 Patent.

97.     Avery makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the OmniCube T-11500 Prismatic Reflective Film, that, on information and belief, were made using the invention claimed in the '860 Patent.

98.     Avery makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the OmniCube T-11500 Prismatic Reflective Film, that, on information and belief, were made using the invention claimed in the '855 Patent.

99.     On information and belief, Avery makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the OmniCube T-11500 Prismatic Reflective Film, that embody the invention claimed in the '135 Patent.

100.     Avery makes, uses, offers to sell, and/or sells within the United States and this judicial district products, including but not limited to the OmniCube T-11500 Prismatic Reflective Film, that embody the invention claimed in the '983 Patent.

101.     On information and belief, Avery has had knowledge of the patents-in-suit.  The parties are direct competitors in this technology space, and Avery has discussed 3M's full cube corner patents in connection with industry organizations, including several of the patents-in-suit.

## DECLARATORY JUDGMENT FACTUAL BACKGROUND

102.     3M designs, manufactures, and sells permanent and temporary reflective sheeting for traffic control, guidance signs, and delineation devices, including Series 4000 3M™ Diamond Grade™ DG$^3$™ full cube prismatic reflective sheeting.

103.     Avery is the record owner of U.S. Reissue Patent No. 40,700, entitled "Retroreflective Articles Having Microcubes, And Tools And Methods For Forming Microcubes," which issued on April 14, 2009 and is a reissue of U.S. Patent No. 6,015,214.  A true and correct copy of U.S. Reissue Patent No. 40,700 is attached hereto as Exhibit N.

104.     Avery is the record owner of U.S. Reissue Patent No. 40,455, entitled "Retroreflective Articles Having Microcubes, And Tools And Methods For Forming Microcubes," which issued on August 12, 2008 and is a reissue of U.S. Patent No. 6,767,102.  A true and correct copy of U.S. Reissue Patent No. 40,455 is attached hereto as Exhibit O.

105.     3M and Avery are direct competitors in sales of permanent and temporary reflective sheeting for traffic control, guidance signs, and delineation devices.

106.    Avery has indicated to 3M that 3M needs to obtain a license to Avery's U.S.
Patent Nos. 6,015,214 and 6,767,102, and their respective reissue patents, to cover 3M's sales of
its DG$^3$™ retroreflective sheeting products.

107.    3M's Diamond Grade™ DG$^3$™ products do not infringe, either directly or
indirectly, any valid claim of U.S. Reissue Patent Nos. 40,700 and 40,455.

108.    3M and Avery have a history of fierce competition as well as patent litigation.  In
1987, Avery filed suit against 3M alleging that 3M's manufacture and sale of repositionable
diaper tape and other tapes infringed Avery's U.S. Patent No. 3,932,328 (Civil Action No. CA-
87-08388AAH (GX)).  Then, in 2001, Avery filed suit against 3M alleging that 3M's
manufacture and sale of Diamond Grade™ cube corner retroreflective sheeting infringed
Avery's U.S. Patent Nos. 4,486,363 and 4,478,769 (Civil Action No. DE-01-125-JJF).  As
recently as last month, Avery filed suit against 3M alleging that label sheet assemblies sold under
the 3M Label mark directly and contributorily infringe Avery's U.S. Patent No. 7,709,071 (Civil
Action No. DE-10-372-GMS).

109.    In 2005, 3M and Avery were adverse in a patent infringement suit brought by 3M
and tried to a jury in this District before Judge John R. Tunheim.  (Civil Action No. MN-01-
1781-JRT-FLN).

110.    In view of Avery's position regarding 3M's alleged infringement of U.S. Reissue
Patent Nos. 40,700 and 40,455, as well as the history of patent infringement litigation between
Avery and 3M, a substantial controversy exists between the parties of sufficient immediacy and
reality to warrant the issuance of a declaratory judgment regarding the parties' adverse legal
interests with respect to U.S. Reissue Patent Nos. 40,700 and 40,455.  3M has reasonable
apprehension and cause to be concerned that Avery will assert claims against it for the sale of

3M's reflective sheeting products, including Series 4000 DG$^3$™ full cube prismatic reflective sheeting.

## COUNT ONE -- AVERY'S INFRINGEMENT
## OF THE '132 PATENT

111.    3M repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

112.    On information and belief, Avery has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '132 Patent, all in violation of 35 U.S.C. § 271.

113.    Avery's acts of making, using, offering for sale, and/or selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '132 Patent have been without the permission, consent, authorization, or license of 3M.

114.    As a result of Avery's infringing acts, 3M has been and continues to be damaged in its business and property, and thus 3M is entitled to recover damages for Avery's infringing acts, which in no event can be less than a reasonable royalty.

115.    On information and belief, Avery's infringement of the '132 Patent after notice of this action and/or the '132 Patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

116.    As a result of Avery's infringing acts, 3M has been and continues to be irreparably injured unless and until Avery's continuing acts are restrained and enjoined by this Court, and 3M has no adequate remedy at law.

117.    3M is entitled to preliminary and permanent injunctive relief enjoining and restraining Avery, its officers, agents, servants, and employees, acting jointly or severally, and

all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '132 Patent.

## COUNT TWO -- AVERY'S INFRINGEMENT
## OF THE '770 PATENT

118.     3M repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

119.     On information and belief, Avery has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '770 Patent, all in violation of 35 U.S.C. § 271.

120.     Avery's acts of making, using, offering for sale, and/or selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '770 Patent have been without the permission, consent, authorization, or license of 3M.

121.     As a result of Avery's infringing acts, 3M has been and continues to be damaged in its business and property, and thus 3M is entitled to recover damages for Avery's infringing acts, which in no event can be less than a reasonable royalty.

122.     On information and belief, Avery's infringement of the '770 Patent after notice of this action and/or the '770 Patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

123.     As a result of Avery's infringing acts, 3M has been and continues to be irreparably injured unless and until Avery's continuing acts are restrained and enjoined by this Court, and 3M has no adequate remedy at law.

124.     3M is entitled to preliminary and permanent injunctive relief enjoining and restraining Avery, its officers, agents, servants, and employees, acting jointly or severally, and

all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '770 Patent.

## COUNT THREE -- AVERY'S INFRINGEMENT
## OF THE '371 PATENT

125.    3M repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

126.    On information and belief, Avery has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '371 Patent, all in violation of 35 U.S.C. § 271.

127.    Avery's acts of making, using, offering for sale, and/or selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '371 Patent have been without the permission, consent, authorization, or license of 3M.

128.    As a result of Avery's infringing acts, 3M has been and continues to be damaged in its business and property, and thus 3M is entitled to recover damages for Avery's infringing acts, which in no event can be less than a reasonable royalty.

129.    On information and belief, Avery's infringement of the '371 Patent after notice of this action and/or the '371 Patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

130.    As a result of Avery's infringing acts, 3M has been and continues to be irreparably injured unless and until Avery's continuing acts are restrained and enjoined by this Court, and 3M has no adequate remedy at law.

131.    3M is entitled to preliminary and permanent injunctive relief enjoining and restraining Avery, its officers, agents, servants, and employees, acting jointly or severally, and

all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '371 Patent.

**COUNT FOUR -- AVERY'S INFRINGEMENT**
**OF THE '960 PATENT**

132.     3M repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

133.     On information and belief, Avery has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '960 Patent, all in violation of 35 U.S.C. § 271.

134.     Avery's acts of making, using, offering for sale, and/or selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '960 Patent have been without the permission, consent, authorization, or license of 3M.

135.     As a result of Avery's infringing acts, 3M has been and continues to be damaged in its business and property, and thus 3M is entitled to recover damages for Avery's infringing acts, which in no event can be less than a reasonable royalty.

136.     On information and belief, Avery's infringement of the '960 Patent after notice of this action and/or the '960 Patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

137.     As a result of Avery's infringing acts, 3M has been and continues to be irreparably injured unless and until Avery's continuing acts are restrained and enjoined by this Court, and 3M has no adequate remedy at law.

138.     3M is entitled to preliminary and permanent injunctive relief enjoining and restraining Avery, its officers, agents, servants, and employees, acting jointly or severally, and

all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '960 Patent.

## COUNT FIVE -- AVERY'S INFRINGEMENT
## OF THE '426 PATENT

139.    3M repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

140.    On information and belief, Avery has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '426 Patent, all in violation of 35 U.S.C. § 271.

141.    Avery's acts of making, using, offering for sale, and/or selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '426 Patent have been without the permission, consent, authorization, or license of 3M.

142.    As a result of Avery's infringing acts, 3M has been and continues to be damaged in its business and property, and thus 3M is entitled to recover damages for Avery's infringing acts, which in no event can be less than a reasonable royalty.

143.    On information and belief, Avery's infringement of the '426 Patent after notice of this action and/or the '426 Patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

144.    As a result of Avery's infringing acts, 3M has been and continues to be irreparably injured unless and until Avery's continuing acts are restrained and enjoined by this Court, and 3M has no adequate remedy at law.

145.    3M is entitled to preliminary and permanent injunctive relief enjoining and restraining Avery, its officers, agents, servants, and employees, acting jointly or severally, and

all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '426 Patent.

**COUNT SIX -- AVERY'S INFRINGEMENT
OF THE '012 PATENT**

146.    3M repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

147.    On information and belief, Avery has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '012 Patent, all in violation of 35 U.S.C. § 271.

148.    Avery's acts of making, using, offering for sale, and/or selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '012 Patent have been without the permission, consent, authorization, or license of 3M.

149.    As a result of Avery's infringing acts, 3M has been and continues to be damaged in its business and property, and thus 3M is entitled to recover damages for Avery's infringing acts, which in no event can be less than a reasonable royalty.

150.    On information and belief, Avery's infringement of the '012 Patent after notice of this action and/or the '012 Patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

151.    As a result of Avery's infringing acts, 3M has been and continues to be irreparably injured unless and until Avery's continuing acts are restrained and enjoined by this Court, and 3M has no adequate remedy at law.

152.    3M is entitled to preliminary and permanent injunctive relief enjoining and restraining Avery, its officers, agents, servants, and employees, acting jointly or severally, and

all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '012 Patent.

**COUNT SEVEN -- AVERY'S INFRINGEMENT<br>OF THE '694 PATENT**

153.    3M repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

154.    On information and belief, Avery has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '694 Patent, all in violation of 35 U.S.C. § 271.

155.    Avery's acts of making, using, offering for sale, and/or selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '694 Patent have been without the permission, consent, authorization, or license of 3M.

156.    As a result of Avery's infringing acts, 3M has been and continues to be damaged in its business and property, and thus 3M is entitled to recover damages for Avery's infringing acts, which in no event can be less than a reasonable royalty.

157.    On information and belief, Avery's infringement of the '694 Patent after notice of this action and/or the '694 Patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

158.    As a result of Avery's infringing acts, 3M has been and continues to be irreparably injured unless and until Avery's continuing acts are restrained and enjoined by this Court, and 3M has no adequate remedy at law.

159.    3M is entitled to preliminary and permanent injunctive relief enjoining and restraining Avery, its officers, agents, servants, and employees, acting jointly or severally, and

all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '694 Patent.

**COUNT EIGHT -- AVERY'S INFRINGEMENT
OF THE '386 PATENT**

160.    3M repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

161.    On information and belief, Avery has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '386 Patent, all in violation of 35 U.S.C. § 271.

162.    Avery's acts of making, using, offering for sale, and/or selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '386 Patent have been without the permission, consent, authorization, or license of 3M.

163.    As a result of Avery's infringing acts, 3M has been and continues to be damaged in its business and property, and thus 3M is entitled to recover damages for Avery's infringing acts, which in no event can be less than a reasonable royalty.

164.    On information and belief, Avery's infringement of the '386 Patent after notice of this action and/or the '386 Patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

165.    As a result of Avery's infringing acts, 3M has been and continues to be irreparably injured unless and until Avery's continuing acts are restrained and enjoined by this Court, and 3M has no adequate remedy at law.

166.    3M is entitled to preliminary and permanent injunctive relief enjoining and restraining Avery, its officers, agents, servants, and employees, acting jointly or severally, and

all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '386 Patent.

**COUNT NINE -- AVERY'S INFRINGEMENT
OF THE '987 PATENT**

167.    3M repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

168.    On information and belief, Avery has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '987 Patent, all in violation of 35 U.S.C. § 271.

169.    Avery's acts of making, using, offering for sale, and/or selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '987 Patent have been without the permission, consent, authorization, or license of 3M.

170.    As a result of Avery's infringing acts, 3M has been and continues to be damaged in its business and property, and thus 3M is entitled to recover damages for Avery's infringing acts, which in no event can be less than a reasonable royalty.

171.    On information and belief, Avery's infringement of the '987 Patent after notice of this action and/or the '987 Patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

172.    As a result of Avery's infringing acts, 3M has been and continues to be irreparably injured unless and until Avery's continuing acts are restrained and enjoined by this Court, and 3M has no adequate remedy at law.

173.    3M is entitled to preliminary and permanent injunctive relief enjoining and restraining Avery, its officers, agents, servants, and employees, acting jointly or severally, and

all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '987 Patent.

## COUNT TEN -- AVERY'S INFRINGEMENT
## OF THE '860 PATENT

174.    3M repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

175.    On information and belief, Avery has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '860 Patent, all in violation of 35 U.S.C. § 271.

176.    Avery's acts of making, using, offering for sale, and/or selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '860 Patent have been without the permission, consent, authorization, or license of 3M.

177.    As a result of Avery's infringing acts, 3M has been and continues to be damaged in its business and property, and thus 3M is entitled to recover damages for Avery's infringing acts, which in no event can be less than a reasonable royalty.

178.    On information and belief, Avery's infringement of the '860 Patent after notice of this action and/or the '860 Patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

179.    As a result of Avery's infringing acts, 3M has been and continues to be irreparably injured unless and until Avery's continuing acts are restrained and enjoined by this Court, and 3M has no adequate remedy at law.

180.    3M is entitled to preliminary and permanent injunctive relief enjoining and restraining Avery, its officers, agents, servants, and employees, acting jointly or severally, and

all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '860 Patent.

## COUNT ELEVEN -- AVERY'S INFRINGEMENT
## OF THE '855 PATENT

181.    3M repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

182.    On information and belief, Avery has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '855 Patent, all in violation of 35 U.S.C. § 271.

183.    Avery's acts of making, using, offering for sale, and/or selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '855 Patent have been without the permission, consent, authorization, or license of 3M.

184.    As a result of Avery's infringing acts, 3M has been and continues to be damaged in its business and property, and thus 3M is entitled to recover damages for Avery's infringing acts, which in no event can be less than a reasonable royalty.

185.    On information and belief, Avery's infringement of the '855 Patent after notice of this action and/or the '855 Patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

186.    As a result of Avery's infringing acts, 3M has been and continues to be irreparably injured unless and until Avery's continuing acts are restrained and enjoined by this Court, and 3M has no adequate remedy at law.

187.    3M is entitled to preliminary and permanent injunctive relief enjoining and restraining Avery, its officers, agents, servants, and employees, acting jointly or severally, and

all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '855 Patent.

## COUNT TWELVE -- AVERY'S INFRINGEMENT OF THE '135 PATENT

188.    3M repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

189.    On information and belief, Avery has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '135 Patent, all in violation of 35 U.S.C. § 271.

190.    Avery's acts of making, using, offering for sale, and/or selling products and/or services that use, include, and/or practice one or more of the inventions claimed in the '135 Patent have been without the permission, consent, authorization, or license of 3M.

191.    As a result of Avery's infringing acts, 3M has been and continues to be damaged in its business and property, and thus 3M is entitled to recover damages for Avery's infringing acts, which in no event can be less than a reasonable royalty.

192.    On information and belief, Avery's infringement of the '135 Patent after notice of this action and/or the '135 Patent is knowing, willful, and/or objectively reckless and constitutes willful infringement.

193.    As a result of Avery's infringing acts, 3M has been and continues to be irreparably injured unless and until Avery's continuing acts are restrained and enjoined by this Court, and 3M has no adequate remedy at law.

194.    3M is entitled to preliminary and permanent injunctive relief enjoining and restraining Avery, its officers, agents, servants, and employees, acting jointly or severally, and

all persons acting in concert with it, and each of them, from further infringement, inducement of

infringement, and/or contributory infringement of the '135 Patent.

## COUNT THIRTEEN -- AVERY'S INFRINGEMENT
## OF THE '983 PATENT

195.    3M repeats, realleges, and incorporates by reference, as if fully set forth herein,

the allegations of the preceding paragraphs, as set forth above.

196.    On information and belief, Avery has infringed and continues to infringe, has

actively and knowingly induced and continues to actively and knowingly induce infringement of,

and/or has contributed to and continues to contribute to acts of infringement of one or more

claims of the '983 Patent, all in violation of 35 U.S.C. § 271.

197.    Avery's acts of making, using, offering for sale, and/or selling products and/or

services that use, include, and/or practice one or more of the inventions claimed in the '983

Patent have been without the permission, consent, authorization, or license of 3M.

198.    As a result of Avery's infringing acts, 3M has been and continues to be damaged

in its business and property, and thus 3M is entitled to recover damages for Avery's infringing

acts, which in no event can be less than a reasonable royalty.

199.    On information and belief, Avery's infringement of the '983 Patent after notice of

this action and/or the '983 Patent is knowing, willful, and/or objectively reckless and constitutes

willful infringement.

200.    As a result of Avery's infringing acts, 3M has been and continues to be

irreparably injured unless and until Avery's continuing acts are restrained and enjoined by this

Court, and 3M has no adequate remedy at law.

201.    3M is entitled to preliminary and permanent injunctive relief enjoining and

restraining Avery, its officers, agents, servants, and employees, acting jointly or severally, and

all persons acting in concert with it, and each of them, from further infringement, inducement of infringement, and/or contributory infringement of the '983 Patent.

### COUNT FOURTEEN -- DECLARATORY
### JUDGMENT OF NON-INFRINGEMENT OF
### REISSUE PATENT NOS. 40,700 AND 40,455

202.    3M incorporates by reference the allegations contained in the preceding and subsequent paragraphs as if the same were set forth herein.

203.    An actual and justiciable controversy exists between 3M and Avery regarding 3M has infringed or continues to infringe any valid claim of U.S. Reissue Patent Nos. 40,700 and 40,455.

204.    3M is not infringing, and has never infringed, any valid claim of U.S. Reissue Patent Nos. 40,700 and 40,455, either directly or indirectly, either literally or under the doctrine of equivalents.

205.    3M is entitled to a judgment declaring that it has never infringed and is not infringing any valid claim of U.S. Reissue Patent Nos. 40,700 and 40,455, either directly or indirectly, either literally or under the doctrine of equivalents.

### COUNT FIFTEEN -- DECLARATORY
### JUDGMENT OF INVALIDITY OF
### REISSUE PATENT NOS. 40,700 AND 40,455

206.    3M incorporates by reference the allegations contained in the preceding and subsequent paragraphs as if the same were set forth herein.

207.    An actual and justiciable controversy exists between 3M and Avery regarding U.S. Reissue Patent Nos. 40,700 and 40,455 are valid.

208.    U.S. Reissue Patent Nos. 40,700 and 40,455 are invalid under 35 U.S.C. §§ 101, 102, 103, 251, and/or 112.

209.   3M is entitled to a judgment declaring that U.S. Reissue Patent Nos. 40,700 and 40,455 are invalid.

## COUNT SIXTEEN -- DECLARATORY
## JUDGMENT OF INTERVENING RIGHTS

210.   3M incorporates by reference the allegations contained in the preceding and subsequent paragraphs as if the same were set forth herein.

211.   An actual and justiciable controversy exists between 3M and Avery regarding 3M is entitled to intervening rights under 35 U.S.C. § 252 to the extent that claims of U.S. Reissue Patent Nos. 40,700 and 40,455 were amended during the reissue proceedings.

212.   3M is entitled to a judgment declaring that 3M is entitled to intervening rights under 35 U.S.C. § 252.

213.   As a result of the foregoing, and in light of all the relevant circumstances, there is a substantial controversy of sufficient immediacy and reality between 3M and Avery as to (1) Avery's rights under U.S. Reissue Patent Nos. 40,700 and 40,455; (2) Avery's rights under U.S. Patent Nos. 6,015,214 and 6,767,102; (3) the validity, enforceability, and scope of U.S. Reissue Patent Nos. 40,700 and 40,455; and (4) whether any of 3M's products infringe any valid claims of U.S. Reissue Patent Nos. 40,700 and 40,455, so as to warrant the issuance of a declaratory judgment by this Court.

214.   The Court should exercise its broad discretion to adjudicate this action under the Declaratory Judgment Act.  There is no better or more effective remedy for resolving the present controversy.  Such an adjudication will serve the underlying purposes behind the Declaratory Judgment Act, including clarifying the parties' legal relations and settling the controversy between the parties with certainty and finality.

## PRAYER FOR RELIEF

WHEREFORE, 3M respectfully prays for entry of a judgment as follows:

A.      Finding that Avery has infringed, induced infringement of, and/or contributorily infringed one or more claims of the '132 Patent, the '770 Patent, the '371 Patent, the '960 Patent, the '426 Patent, the '012 Patent, the '694 Patent, the '386 Patent, the '987 Patent, the '860 Patent, the '855 Patent, the '135 Patent, and the '983 Patent, in violation of 35 U.S.C. § 271;

B.      Preliminarily and permanently enjoining Avery, its officers, agents, servants, representatives, and employees, and all persons acting in concert with them, and each of them, from infringing, inducing the infringement of, and contributorily infringing the '132 Patent, the '770 Patent, the '371 Patent, the '960 Patent, the '426 Patent, the '012 Patent, the '694 Patent, the '386 Patent, the '987 Patent, the '860 Patent, the '855 Patent, the '135 Patent, and the '983 Patent;

C.      Awarding 3M damages and/or a reasonable royalty for Avery's infringement, inducement of infringement, and/or contributory infringement of the '132 Patent, the '770 Patent, the '371 Patent, the '960 Patent, the '426 Patent, the '012 Patent, the '694 Patent, the '386 Patent, the '987 Patent, the '860 Patent, the '855 Patent, the '135 Patent, and the '983 Patent, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D.      Finding that Avery's infringement, inducement of infringement, and/or contributory infringement of the '132 Patent, the '770 Patent, the '371 Patent, the '960 Patent, the '426 Patent, the '012 Patent, the '694 Patent, the '386 Patent, the '987 Patent, the '860 Patent, the '855 Patent, the '135 Patent, and the '983 Patent has been knowing and willful;

E.    Increasing damages awarded to 3M in this case to three times the damages amount found by the jury or assessed by the Court pursuant to 35 U.S.C. § 284;

F.    Ordering an accounting of Avery's sales and profits with respect to infringing products;

G.    Declaring that U.S. Reissue Patent Nos. 40,700 and 40,455 are invalid and unenforceable;

H.    Entering final judgment for 3M of non-infringement of U.S. Reissue Patent Nos. 40,700 and 40,455;

I.    Declaring that 3M is not liable to Avery for infringement of U.S. Reissue Patent Nos. 40,700 and 40,455 by virtue of 3M's intervening rights;

J.    Declaring this case to be an exceptional case under 35 U.S.C. § 285 and awarding 3M its attorneys' fees and costs; and,

K.    Awarding 3M such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, 3M respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Respectfully submitted, this 25th day of June, 2010.

*/s/ John C. Adkisson*
John C. Adkisson (#266358)
*adkisson@fr.com*
Ann N. Cathcart Chaplin (#284865)
*cathcartchaplin@fr.com*
**FISH & RICHARDSON P.C.**
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Kevin H. Rhodes (Reg. No. 0318115)
William D. Miller (Reg No. 0264453)
**3M INNOVATIVE PROPERTIES
COMPANY**
3M Center
P.O. Box 33427
ST. Paul, Minnesota 55144
Telephone: (651) 736-4533
Fax: (651) 737 2948
krhodes@mmm.com
wdmiller@mmm.com

**OF COUNSEL:**

Courtland L. Reichman, Esq.
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: (650) 590-0724
Fax: (415) 318-1300
creichman@kslaw.com

Natasha H. Moffitt, Esq.
**KING & SPALDING LLP**
1180 Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 572-2783
Fax: (404) 572-5134
nmoffitt@kslaw.com