UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

3M INOVATIVE PROPERTIES
COMPANY, and 3M COMPANY,                    Civil No. 10-CV-2630 (MJD/TNL)

　　　　　　　　Plaintiffs,
　　　　　　　　　　　　　　　　　　　　　　　**ORDER**
v.

AVERY DENNISON CORPORATION
　　　　　　　　Defendant.

John Adkisson, Ann Cathcart Chaplin, and Geoff Biegler of **FISH AND RICHARDSON LLP**, 3200 RBC Plaza, 60 South Sixth Street, Minneapolis, MN 55402, and Daniel Flores, Daniel Floyd, Samuel Liversidge, of **GIBSON, DUNN & CRUTCHER LLP,** 333 South Grand Avenue, 46th Floor, Los Angeles, CA 90071 and Michael Sean Royall, Michael Raiff, and Gavin Martinson of **GIBSON, DUNN & CRUTCHER LLP,** 2100 McKinney Avenue, Suite 1100**,** Dallas, TX 75201for plaintiffs.

Aaron Bergstrom, David Bilsker, Emily O'Brien, Charles K. Verhoeven, Karin Kramer, Christopher Stretch, James Baker, and Joshua Sohn of **QUINN EMANUEL URQUHART & SULLIVAN LLP**, 50 California Street, San Francisco, CA 94111 and Lora Fridemann and Kurt Niederluecke of **FREDRIKSON & BRYON, P.A.,** 200 South 6th Street, Suite 4000**,** Minneapolis, MN 55402, for defendants.

**CONSENT JUDGMENT**

The Parties having considered the facts and applicable law and having made a Joint Motion to the Court for the entry of this Judgment [Docket No. 516], it is therefore found, adjudged, and decreed as follows:

**FINDINGS OF FACT**

1. Plaintiff 3M Company ("3M") is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427. 3M Company is in the business of manufacturing and selling a wide variety of consumer, commercial, and industrial products, including products for the traffic safety market, such as retroreflective sheeting.

2. Plaintiff 3M Innovative Properties Company ("3M IPC") is a Delaware corporation having its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427. 3M IPC is a wholly owned subsidiary of 3M and is in the business of obtaining, managing and licensing intellectual property.

3. Defendant Avery Dennison Corporation ("Avery") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 150 North Orange Grove Boulevard, Pasadena, CA 91103. Avery is in the business of manufacturing and selling a wide variety of consumer, commercial, and industrial products, including products for the traffic safety market, such as retroreflective sheeting.

4. On August 10, 1999, United States Patent No. 5,936,770 ("the '770 patent"), entitled "Dual Orientation Retroreflective Sheeting," was issued to Plaintiff 3M IPC as assignee and owner of all right, title, and interest in the patent. 3M is the exclusive licensee of the '770 patent.

5. On November 20, 2001, United States Patent No. 6,318,987 ("the '987 patent"), entitled "Cube Corner Sheeting Mold and Method of Making the Same," was issued to Plaintiff 3M IPC as assignee and owner of all right, title, and interest in the patent. 3M is the exclusive licensee of the '987 patent.

6. On December 26, 2006, United States Patent No. 7,152,983 ("the '983 patent"), entitled "Lamina Comprising Cube Corner Elements and Retroreflective Sheeting," was issued to Plaintiff 3M IPC as assignee and owner of all right, title, and interest in the patent. 3M is the exclusive licensee of the '983 patent.

7. On August 28, 2007, United States Patent No. 7,261,426 ("the '426 patent"), entitled "Lamina Comprising Cube Corner Elements and Retroreflective Sheeting," was issued to Plaintiff 3M IPC as assignee and owner of all right, title, and interest in the patent. 3M is the exclusive licensee of the '426 patent.

8. On July 7, 2009, United States Patent No. 7,556,386 ("the '386 patent"), entitled "Lamina Comprising Cube Corner Elements and Retroreflective Sheeting," was issued to Plaintiff 3M IPC as assignee and owner of all right, title, and interest in the patent. 3M is the exclusive licensee of the '386 patent.

9. Avery manufactured and sold its OmniCube™ retroreflective sheeting (hereafter "OmniCube sheeting") in the United States, including in the State of Minnesota.

10. 3M brought this action against Avery for infringement of the '770 patent, the '426 patent, the '386 patent, the '987 patent, and the '983 patent (collectively, the "Patents-in-Suit") alleging that by manufacturing and selling the OmniCube sheeting, Avery infringed and continues to infringe one or more claims of the Patents-in-Suit, and has or induced or contributed to the infringement by others of the Patents-in-Suit.

11. Any finding of fact which is deemed to be a Conclusion of Law is hereby adopted as such.

12. The Parties seek to terminate this litigation through this Consent Judgment.

## CONCLUSIONS OF LAW

13. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has personal jurisdiction over the parties, and venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

15. All the claims of the Patents-in-Suit are valid and enforceable based on the Defendants' past, present, and future products.

16. The Parties intend and this Court explicitly orders that the issues of infringement are hereby finally concluded and disposed of pursuant to the terms of a confidential settlement agreement and license agreement with an effective date of March 22, 2013.

17. This Judgment shall finally conclude and dispose of this litigation, and, as to all parties, this Judgment shall be entitled to issue and claim preclusion effect in future litigation or Patent Office proceedings related to the Patents-in-Suit.

18. Any Conclusion of Law which is deemed to be a Finding of Fact is hereby adopted as such.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:**

A. Remedies shall be in accordance with a Settlement Agreement made and entered into by the parties with an effective date of March 22, 2013.

B. This Court retains exclusive jurisdiction of this action for the purpose of insuring compliance with this Consent Judgment and enforcement of the Settlement Agreement.

C. No appeal shall be taken by any party from this Consent Judgment, the right to appeal being expressly waived by all parties.

D. This Consent Judgment shall finally conclude and dispose of all claims and counterclaims of all parties with prejudice.

E. Each party shall bear its own costs and attorney's fees.

F. Final Judgment shall be entered hereto, forthwith, without further notice.

The Clerk is directed to enter this final Consent Judgment forthwith.

DATED: March 28, 2013  
at Minneapolis, Minnesota

s/ Michael J. Davis  
MICHAEL J. DAVIS  
Chief United States District Judge